**SO ORDERED.**

**SIGNED this 29th day of April, 2013.**



Janice Miller Karlin
United States Bankruptcy Judge
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In re: | Case No. 12-41579 |
| **Connie Rae Murray** | Chapter 7 |
| **Debtor.** | |

### Memorandum Opinion and Order Overruling the
### Trustee's Objection to Exemption

This matter is before the Court on Trustee Darcy Williamson's objection to exemption of the earned income tax credit ("EIC"), claimed by Debtor Connie Rae Murray pursuant to K.S.A. § 60-2315.[1] Under this exemption, a Kansas debtor in bankruptcy is entitled to exempt from the bankruptcy estate the right to receive the federal and state EIC. A general debtor in Kansas not proceeding in bankruptcy, however, is not entitled to this protection. The Trustee argues that her avoidance powers under 11 U.S.C. § 544(a)(2) defeat the Debtor's exemption, that the exemption

---

[1] Doc. 14.

violates the Uniformity and Supremacy Clauses of the United States Constitution, and that the exemption impermissibly reprioritizes the order in which bankruptcy claims are to be paid under 11 U.S.C. § 507. Because the exemption claimed does not conflict with the Trustee's powers and rights as a hypothetical executing creditor under § 544(a)(2), and because the Trustee's remaining arguments have previously been invalidated, the Trustee's objection to exemption of the EIC is overruled.

I.  **Factual and Procedural History**

The Debtor filed a Chapter 7 bankruptcy petition on October 2, 2012. The Debtor's Schedule C claimed as exempt her "2012 Federal and State Refunds," pursuant to the Kansas exemption statutes. The Trustee objected to the exemption of the EIC.[2]

The Court originally placed the objection to exemption under advisement, based on ripeness concerns stemming from the exemption of a tax refund that was neither certain to occur nor certain in amount.[3] Because the Debtor has now received at least part of her anticipated 2012 tax refund, the matter is now ripe.[4] She expects to receive

---

[2] Doc. 14.

[3] Doc. 18 (General Order In re: Objections to 2012 Exemption of the Earned Income Tax Credit).

[4] *See Tarrant Reg'l Water Dist. v. Herrmann*, 656 F.3d 1222, 1250 (10th Cir. 2011) ("In evaluating ripeness the central focus is on whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all."); *Salt Lake Tribune Publ'n Co. v. Mgmt. Planning, Inc.,* 454 F.3d 1128, 1140 (10th Cir. 2006) ("Determining whether the issues presented by this case are ripe for review requires us to evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration. We have described the fitness inquiry as whether the case involves uncertain or contingent future events that may not occur as

$2276 for her federal EIC, and has already received $410 for her Kansas EIC.[5]

**II.    Analysis**

    **A.    Objections to Exemptions**

Under the Bankruptcy Code, when a debtor files a petition for bankruptcy relief, an estate is created.[6] That bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case."[7] The Bankruptcy Code does, however, permit the exemption of certain property from the estate.[8] The Bankruptcy Code includes a list of federal exemptions available to the debtor,[9] but

---

anticipated, or indeed may not occur at all. We have described the hardship inquiry as whether the challenged action creates a direct and immediate dilemma for the parties." (internal quotations and citations omitted)).

[5] Doc. 28 (Joint Stipulation Required by Court's General Order on Objections to 2012 EIC Exemption); Doc. 32 at p.1–2. The issues before the Court have been fully briefed, and the Court has considered all briefs. *See* Doc. 29 (Amicus Curiae Brief of Trustee Robert L. Baer in Support of Objection to Exemption of Earned Income Credit); Doc. 30 (Trustee's Memorandum in Support of Objections to Debtor's Exemptions); Doc. 32 (Debtor's Memorandum in Opposition to Trustee's Objection to Earned Income Credit Exemption); Doc. 36 (Brief of Amicus Curiae National Association of Consumer Bankruptcy Attorneys in Support of Debtor); Doc. 37 (Kansas Attorney General's Memorandum in Opposition to the Trustee's Objection to Debtor's Exemption and in Defense of the Constitutionality of K.S.A. 60-2315); Doc. 41 (Response to Amicus Curiae Brief of Robert L. Baer in Support of Objection to Exemption of Earned Income Credit Filed on Behalf of Debtors Edinger (12-40904) and Beach (12-40906)); Doc. 50 (Trustee Williamson's Reply Brief to Responsive Briefs of the Debtor and the State of Kansas).

[6] 11 U.S.C. § 541(a) ("[T]he commencement of a case under . . . this title creates an estate.").

[7] *Id.* § 541(a)(1).

[8] *See id.* § 522(b)(1) ("Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (2) or, in the alternative, paragraph (3) of this subsection.").

[9] *Id.* § 522(d).

-3-

permits a state to "opt-out" of the federal exemptions in favor of state-law exemptions, when that state specifically prohibits the use of the federal exemptions.[10]

Kansas is an "opt-out" state, meaning that it has opted out of using the federal Bankruptcy Code exemptions in favor of its state-created exemptions.[11] The exemptions in Kansas, specifically K.S.A. § 60-2315, permit a debtor to "exempt the debtor's right to receive tax credits allowed pursuant to" the federal and state EIC for "one tax year."[12] The exemption also states: "Nothing in this section shall be construed to limit the right of offset, attachment or other process with respect to the earned income tax credit for the payment of child support or spousal maintenance."[13]

The Trustee objected to the Debtor's exemption under K.S.A. § 60-2315.[14] In a challenge to a claimed exemption, the objecting party—here the Trustee—has the "burden of proving that the exemptions are not properly claimed."[15] Under Kansas law, exemption statutes are to be liberally construed for the benefit of the debtor.[16] The

---

[10] *Id.* § 522(b)(2).

[11] 11 U.S. C. § 522(b)(2); K.S.A. § 60-2312 (prohibiting, with exception, individual debtors from electing federal exemptions).

[12] K.S.A. § 60-2315.

[13] *Id.*

[14] There is no dispute that the Trustee's objection was timely filed. *See* Fed. R. Bankr. P. 4003(b)(1) (requiring objections to claims of exemptions be filed "within 30 days after the meeting of creditors held under § 341(a) is concluded").

[15] Fed. R. Bankr. P. 4003(c).

[16] *Hodes v. Jenkins (In re Hodes)*, 308 B.R. 61, 65 (10th Cir. BAP 2004) ("Under Kansas law, exemption statutes are to be liberally construed in favor of those intended by the legislature to be benefitted."); *In re Hall*, 395 B.R. 722, 730 (Bankr. D. Kan. 2008)

-4-

Court has jurisdiction to decide contested matters such as the Trustee's objection to exemption.[17] This matter constitutes a core proceeding.[18]

### B. The Trustee's Powers Under § 544 of the Bankruptcy Code

The Trustee's primary objection to Debtor's exemption arises from 11 U.S.C. § 544(a)(2). That section, titled "Trustee as lien creditor and as successor to certain creditors and purchasers," states:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by– –
> . . .
> (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists[.]

Generally stated, this section of the "strong-arm statute" permits a trustee to exercise her strong-arm powers to gain remedies under state law that would be available to creditors holding executions remaining unsatisfied as of the commencement of the bankruptcy case.

The Trustee argues that because an individual outside of bankruptcy is not

---

(stating that "the Kansas Supreme Court has directed that exemption claims are to be liberally construed in favor of debtors").

[17] 28 U.S.C. § 157(a) and 11 U.S.C. § 1334(a)–(b); *see also* Standing Order dated August 1, 1984, effective July 10, 1984, referenced in D. Kan. Rule 83.8.5 (reference from the United States District Court for the District of Kansas of all cases and proceedings in, under, or related to Title 11 to the District's bankruptcy judges).

[18] 28 U.S.C. § 157(b)(2)(B).

-5-

given the exemption of the EIC from creditors as is the debtor in bankruptcy, a judgment creditor outside of bankruptcy could gain access to an EIC in the individual's hands, limiting the powers of a hypothetical Kansas execution creditor. The Trustee's reliance on this section of the Bankruptcy Code stems from selectively quoted language from a Tenth Circuit BAP case, *Rupp v. Duffin (In re Duffin)*.[19] In *Duffin*, the BAP considered whether a trustee could object to an exemption under 11 U.S.C. § 544(a), utilizing his "rights and powers" under that statute as a hypothetical creditor. The BAP analyzed a Utah exemption that excluded from its reach prepetition payments debtor made on life insurance policies within one year of filing bankruptcy.

Regarding § 544(a)(2), the *Duffin* Court discussed a split in authority over the breadth of a trustee's hypothetical powers under § 544(a)(2).[20] The Court ultimately concluded that "the powers given to a trustee under § 544(a)(2) are not limited to avoidance of transfers but specifically include broader 'rights and powers.'"[21] The Court quoted with approval a Tenth Circuit case stating that:

> Simply stated, from the reservoir of equitable powers granted to the trustee to maximize the bankruptcy estate, Congress has fashioned a legal fiction. Not only is a trustee empowered to stand in the shoes of a debtor to set aside transfers to third parties, but the fiction permits the trustee also to assume the guise of a creditor with a judgment against the debtor. Under that guise, the trustee may invoke whatever remedies provided by state law to judgment lien creditors to satisfy judgments

---

[19] 457 B.R. 820 (10th Cir. BAP 2011).

[20] *Id.* at 827–28.

[21] *Id.* at 828.

against the debtor.[22]

Under this rubric, the *Duffin* panel applied § 544(a)(2). The Court stated that the statute granted the Trustee "the guise of a creditor with an execution returned unsatisfied against the Debtors."[23] Therefore, the BAP held, the Trustee could invoke the remedies provided by state law to creditors holding executions returned unsatisfied.[24] The BAP concluded that, "[t]hrough the use of a trustee's hypothetical powers" under § 544, the trustee could stand as a creditor would, and gain access to the non-exempt funds.[25]

The important point in the *Duffin* BAP Court's analysis is that the property at issue was *non*-exempt. There was no bankruptcy specific exemption at issue in *Duffin*. A trustee exercising § 544(a)(2) rights stands in the shoes of a hypothetical executing creditor only to the extent the creditor could attach the property outside of bankruptcy. Based on the applicable state law, the creditor in that case would have had access to payments made by the debtors on life insurance policies in the year prior to the bankruptcy petition date, because such payments were *excluded* from the applicable exemption.[26] The *Duffin* analysis is simply inapplicable because it is limited to the facts

---

[22] *Id.* (quoting *Zilkha Energy Co. v. Leighton*, 920 F.2d 1520, 1523 (10th Cir. 1990)).

[23] *Id.* at 829.

[24] *Id.*

[25] *Id.*

[26] *Id.* at 821–22.

-7-

of that case.[27]

This Court has had prior occasion to consider the *Duffin* decision, although only briefly. In *In re Westby*,[28] this Trustee challenged the same exemption addressed herein on myriad grounds. One of those challenges was based on 11 U.S.C. § 549, based on an alleged unauthorized transfer. In a footnote to the analysis of § 549, the Court addressed the *Duffin* case. The Court stated:

> [T]he Tenth Circuit BAP opinion in *Rupp v. Duffin (In re Duffin)*, . . . upon which the Trustee relies, is inapplicable. In *Duffin*, the BAP considered whether a trustee could object to an exemption under 11 U.S.C. § 544(a), utilizing his "rights and powers" under that statute as a hypothetical creditor. The BAP analyzed a Utah exemption that excluded from its reach prepetition payments on life insurance policies. The BAP concluded that, "[t]hrough the use of a trustee's hypothetical powers" under § 544, the trustee could stand as a creditor would, and gain access to the non-exempt funds. As should be abundantly clear from the discussion herein, Senate Bill No. 12 makes a debtor's EIC exempt, and no creditor of a debtor in bankruptcy could reach that exempt asset, just as the Trustee may not.[29]

Section 544(a)(2) grants its hypothetical powers to a trustee "as of the commencement of the case." Therefore, § 544(a)(2) permits a trustee to stand in the shoes of a creditor to claim that creditor's hypothetical priority only as to property of the estate. As

---

[27] By analogy to *Duffin*, if the Debtor in this case had failed to file two years of tax returns before the date of her petition, and was entitled to EIC refunds for each year, the Trustee may well be entitled to the EIC refunds for one of those years since the statute limits the exemption to one year. In that instance, the Trustee would be pursuing statutorily non-exempt property, as was the case in *Duffin*.

[28] 473 B.R. 392 (Bankr. D. Kan. 2012), *aff'd*, *In re Westby*, 486 B.R. 509 (10th Cir. BAP 2013), *appeal dismissed*, *Williamson v. Westby (In re Westby)*, Case No. 13-3044 (10th Cir. Mar. 29, 2013).

[29] *Id.* at 419 n.189 (internal citations omitted).

discussed above, the commencement of a case creates the bankruptcy estate—the exercise of an exemption *removes* property from the bankruptcy estate.

The Trustee's argument was more extensively addressed in a decision from Judge Nugent, *In re Earned Income Tax Credit Exemption Constitutional Challenge Cases*[30]—the opinion in the jointly administered, similar EIC cases in the Wichita division of the District of Kansas Bankruptcy Court. Judge Nugent rejected the Trustee's § 544 argument as follows:

> The Trustees suggest that because a debtor outside of bankruptcy cannot take this exemption, a judgment creditor outside bankruptcy could attach the EIC in the debtor's hands, limiting the powers of a hypothetical Kansas execution creditor. But § 544 grants these hypothetical powers to a trustee "as of the commencement of the case," meaning that the trustee may stand in the shoes of a creditor to claim that creditor's hypothetical priority *in property of the estate*. The exercise of the exemption removes that property from the estate, depriving the trustee of the right to administer it. The same is true for all property claimed as exempt in bankruptcy.[31]

Judge Nugent's reasoning applies equally well to the Trustee's argument in this case. The Trustee's § 544 rights do not extend to property that is not property of the estate.

C.  **The Trustee's Additional Arguments Against K.S.A. § 60-2315**

The Trustee also contends that the Kansas EIC exemption statute violates the Uniformity and Supremacy Clauses of the United States Constitution.[32] The Trustee's

---

[30] 477 B.R. 791 (Bankr. D. Kan. 2012). The trustee appealed Judge Nugent's decision to the United States District Court for the District of Kansas, but no decision has yet been rendered.

[31] *Id.* at 804.

[32] The Uniformity Clause reserves to Congress the duty to make "uniform Laws on the subject of Bankruptcies." U.S. Const. art. I, § 8, cl. 4. The Supremacy Clause provides

constitutional arguments were thoroughly addressed and rejected by this Court's prior opinion in *In re Westby*,[33] by the Tenth Circuit Bankruptcy Appellate Panel on appeal of that decision,[34] and by Chief Judge Nugent of this district in *In re Earned Income Tax Credit Exemption Constitutional Challenge Cases*.[35] The Trustee appealed the BAP's *Westby* decision to the Tenth Circuit Court of Appeals, then dismissed her appeal, abandoning these issues.[36] The BAP's *Westby* decision is now final and controlling. Accordingly, these arguments will not be revisited here and are overruled for the same reasons stated in those opinions.

Finally, the Trustee argues that the Kansas EIC exemption statute unlawfully reprioritizes the order in which bankruptcy claims are to be paid under 11 U.S.C. § 507. The Kansas EIC exemption provides that "[n]othing in this section shall be construed to limit the right of offset, attachment or other process with respect to the earned income tax credit for the payment of child support or spousal maintenance."

---

that the "Laws of the United States . . . shall be the supreme Law of the Land," notwithstanding any law enacted by a state. U.S. Const. art. VI, cl. 2. The Sixth Circuit recently affirmed the constitutionality of, and rejected various challenges to, a Michigan bankruptcy specific exemption in *In re Schafer*, 689 F.3d 601 (6th Cir. 2012), *cert denied*, *Richardson v. Schafer*, 133 S. Ct. 1244 (2013).

[33] 473 B.R. 392 (Bankr. D. Kan. 2012).

[34] *In re Westby*, 486 B.R. 509, 515–16 (10th Cir. BAP 2013).

[35] 477 B.R. at 798–803.

[36] Trustee Williamson filed her brief in this case, reasserting constitutional arguments, on March 28, and the very next day dismissed her appeal of the BAP's *Westby* decision (upholding the constitutionality of the Kansas EIC exemption statute) to the Tenth Circuit Court of Appeals. She has persisted in her constitutional arguments even in her reply brief filed a month after she dismissed her Tenth Circuit appeal.

-10-

Section 507 provides the priority in which a bankruptcy trustee is to pay claims, and § 507(a)(1)(C) provides for payment of a trustee's administrative expenses before domestic support obligations "to the extent that the trustee administers assets that are otherwise available for the payment of such claims." The Trustee contends that the Kansas exemption conflicts with § 507 because it eliminates the EIC as a source of payment for administrative claims. The Trustee argues that it is impossible for her to comply with both the Kansas exemption and § 507.

In *Westby*, this Court overruled the Trustee's argument regarding the interplay of the Kansas EIC exemption and § 507. The Court found no conflict between the state and federal statute, because the Kansas EIC exemption statute worked to remove property from the estate, and it was only estate property that the Trustee was charged with distributing.[37] Despite this holding, the Trustee once again argues that she is "in the untenable position of choosing whether to comply with K.S.A. 60-2315 and pay the child support or spousal maintenance claims, or comply with Section 507 and pay the claims in the priority set forth by Congress."

To the contrary, the Court finds no conflict between the state exemption statute and § 507 priorities. As Chief Judge Nugent aptly noted, the language quoted above from the Kansas EIC exemption "merely subjects the debtor's right to receive the EIC to setoff or attachment by governmental entities collecting and enforcing domestic

---

[37] *In re Westby*, 473 B.R. at 418.

-11-

support obligations under existing federal and state law."[38] But even if it did require the Trustee to collect the EIC and distribute it "for the payment of child support or spousal maintenance," which this Court doubts, the Trustee again refuses to acknowledge the nature of the exemption statute: it is only the non-exempt property the Trustee is charged with distributing under § 507, not exempt property.[39] Even if the Trustee intercepted a debtor's refund, and even if that debtor's refund consisted wholly of exemptible EIC, and then the Trustee paid part or all of that EIC "for the payment of child support or spousal maintenance," there would be no conflict with § 507 because she would have distributed no non-exempt property, which is all § 507 concerns.[40]

The Trustee's original objection to exemption raised many additional arguments,

---

[38] *In re Earned Income Tax Credit Exemption Constitutional Challenge*, 477 B.R. at 805.

[39] In fact, courts have routinely disallowed attempts by trustees to execute against exempt property on behalf of DSO creditors. *See In re Vandeventer*, 368 B.R. 50, 54 (Bankr. C.D. Ill. 2007) (holding trustee would not be allowed to sell exempt homestead in order to pay DSO creditor); *In re Quezada*, 368 B.R. 44, 49 (Bankr. S.D. Fla. 2007) *(*same); *In re Ruppel*, 368 B.R. 42 (Bankr. D. Or. 2007 ); *In re Covington*, 368 B.R. 38, 40–41 (Bankr. E.D. Cal. 2006).

[40] *See also In re Earned Income Tax Credit Exemption Constitutional Challenge*, 477 B.R. at 805 ("The Trustees apparently contend that the EIC exemption effectively elevates priority of domestic support obligations over the trustee's administrative expenses in contravention of § 507(a)(1)(C). However, this argument fails to recognize and differentiate between estate property and exempt property. Exempt property is never distributed under § 507—because it is no longer available for administration by the trustee. Once an exemption of property is allowed, it is no longer property of the estate nor subject to the trustee's administration. Thus, if a debtor's exemption of the right to receive the EIC is allowed, this property would be unavailable in any event to the trustee for payment of claims, including the trustee's administrative expenses." (internal footnotes omitted)).

but she elected not to brief them.[41] The Court treats these arguments as abandoned, and declines to consider them.[42]

### III. Conclusion

The Court concludes that the Trustee has not carried her burden to prove that the exemption is not properly claimed.[43]

**It is, therefore, by the Court Ordered** that the Trustee's objection to exemption[44] is overruled.

**It is further Ordered** that this Memorandum Opinion and Order shall be placed on the Court's website.

Additional cases with similar objections to exemption filed by Trustee Williamson are held under advisement, pending resolution of any appeal the Trustee

---

[41] *See* Doc. 14 (arguing: (1) that the Kansas EIC exemption is an unauthorized transfer under 11 U.S.C. § 549; (2) the Kansas EIC exemption does not apply to bankruptcy cases filed under the current Bankruptcy Code; (3) a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution; (4) that the Kansas EIC exemption is subject to the pro rata distribution rules of *In re Barowsky*, 946 F.2d 1516 (10th Cir. 1991); (5) that the EIC is payable only as a tax refund and is therefore not exempt under *In re Montgomery*, 224 F.3d 1193 (10th Cir. 2000); and (6) the Kansas EIC exemption conflicts with portions of the Internal Revenue Code). These arguments are presumably waived, and rightly so, because this Court has already addressed and overruled them in *Westby*.

[42] *See Kannady v. City of Kiowa*, 590 F.3d 1161, 1174–75 (10th Cir. 2010) (declining to consider arguments on appeal that were not briefed).

[43] *See* Fed. R. Bankr. P. 4003(c) (placing burden of proof regarding exemptions on "the objecting party").

[44] Doc. 14.

elects to file.[45] In the event no appeal is taken, the Court will set for hearing Trustee Williamson's remaining objections to exemption, and determine, after input from the parties, how to proceed.

# # #

---

[45] These additional cases are: *In re Bond*, Case No. 12-40869 and *In re Gabrick*, Case No. 12-41875.

In the *Bond* case, extended briefing deadlines were set due to the late filing of the parties' Joint Stipulation caused by late-filed tax returns. The Court finds that additional briefing on these matters is unnecessary, and cancels the previously set briefing schedule.

In the *Gabrick* case, although an amended Schedule C has been filed implying Debtor Shaw will receive the EIC, no Joint Stipulation has been filed as required by the Court's General Order (Docket No. 20 in *Gabrick*). The Court sets the *Gabrick* case for hearing on May 8, 2013 at 1:30 p.m. so that it may determine the best course of action.

In the following cases of Trustee Williamson, a motion to compromise the Trustee's objection to exemption of the EIC has been filed, but the objection deadline has not yet run or the order has not been submitted, so no final order has been entered: *In re Mitchell*, Case No. 11-40608 (objections due May 6, 2013); and *In re Harris*, Case No. 12-40873 (objections due April 25, 2013). The Court does not enter this order in these compromised cases, and leaves the parties to their bargain.

-14-